UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TABAK GABRIELLA,<br><br>    Plaintiff,<br><br>    v.<br><br>RECOLOGY INC.,<br><br>    Defendant. | Case No. 21-cv-08460-HSG<br><br>**ORDER FOR SUPPLEMENTAL BRIEFING ON MOTION TO COMPEL ARBITRATION**<br><br>Re: Dkt. No. 21 |

    Pending before the Court is Defendant Recology Inc.'s motion to compel arbitration. *See* Dkt. No. 21. In her opposition, Plaintiff Gabriella Tabak argues that she never signed an employment agreement with Defendant—her late husband did—so she cannot be bound by the arbitration provision. *See* Dkt. No. 27 at 1–2, 16–17. In short, the question before the Court is whether there is a valid agreement to arbitrate between the parties. *See Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 530 (2019) ("[B]efore referring a dispute to an arbitrator, the court determines whether a valid arbitration agreement exists."). However, the parties do not squarely address each other's arguments.

    Plaintiff, for her part, appears to acknowledge that at least some of her causes of action were brought "as representative of the Estate of Adam Tabak, deceased." *See* Dkt. No. 14 ("FAC") at ¶ 7. But Plaintiff fails to address why she cannot be bound by the arbitration agreement in this capacity, at least as to the survival claims. Defendant, in turn, fails to explain what authority the Court has to bind Plaintiff as a nonsignatory to the arbitration agreement as to her wrongful death claim. Plaintiff is not standing in the shoes of Mr. Tabak for purposes of the wrongful death claim. Moreover, the California statutory provisions that Defendant cites, *see* Dkt. No. 21 at 8, appear only to apply to medical services contracts, not employment contracts.

Defendant may not sidestep this question by arguing that the arbitration agreement contains a broad delegation provision.  *See* Dkt. No. 28 at 1–2, 6.  As noted above, the question is whether the Court can find that Plaintiff is subject to the arbitration agreement at all.

The Court finds that the record would benefit from more fulsome briefing.  Accordingly, the parties shall submit simultaneous briefs of no longer than five pages by August 18, 2022, addressing these discrete issues and providing apposite authority.  Once the supplemental briefing is complete, the Court will determine whether a hearing on the motion is necessary.

**IT IS SO ORDERED.**

Dated:   8/10/2022

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

2