UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIELLA TABAK, individually and as Guardian Ad Litem for minors B.T., A.T., and L.T.; THE ESTATE OF ADAM TABAK, DECEASED,<br><br>Plaintiffs,<br><br>v.<br><br>RECOLOGY, INC.; and DOES 1 TO 100, inclusive,<br><br>Defendants. | Case No. 4:21-cv-08460-HSG<br><br>**ORDER AS MODIFIED GRANTING (1) JOINT ADMINISTRATIVE MOTION TO SEAL, AND (2) MOTION TO APPROVE MINOR'S COMPROMISE**<br><br>Re: Dkt. Nos. 38, 39 |

Pending before the Court are (1) Plaintiffs' unopposed petition for order approving settlement involving minors and distribution of settlement funds, *see* Dkt. No. 38; and (2) the Parties' joint administrative motion to file under seal, *see* Dkt. No. 39. The Court **GRANTS** the Petition for order approving settlement involving minors and distribution of settlement funds and **GRANTS** the joint administrative motion to file under seal.

**I.     PETITION FOR ORDER APPROVING SETTLEMENT INVOLVING MINORS**

**A.     Legal Standard**

**1.     Minor's Compromise**

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1191 (9th Cir. 2011); *see* Fed. R. Civ. P. 17(c) (providing that district court "must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action"). When there is a proposed settlement in a suit involving a minor plaintiff, this "special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Robidoux*, 638 F.3d at 1181, (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)). As part of this inquiry, the "court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem." *Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983). The district court must review "whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Robidoux*, 638 F.3d at 1182. But the court must disregard the "proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel" because the court has "no special duty to safeguard" their interests. *Id.*

**2.     Attorneys' Fees**

Attorneys' fees and costs are generally controlled by statute and local rule. "In California, courts are required to approve the attorneys' fees to be paid for representation of a minor." *Napier by*

*and through Quiroz v. Cty. Of San Diego*, No. 3:15-cv-00581-CAB-(KSC), 2017 WL 5759803, at *3 (S.D. Cal. Nov. 28, 2017) (citing Cal. Prob. Code § 2601 and Cal. R. Ct. 7.955). Courts consider factors including (1) the amount of the fee in proportion to the value of the services performed; (2) the novelty and difficulty of the questions involved and skills required; (3) the amount involved and the results obtained; and (4) the experience and ability of the attorney. Cal. R. Ct. 7.955(b). "In instances where a contingency fee has been proposed "most courts require a showing of 'good cause' to award *more tha[n] 25% of any recovery* whereas a greater reward is 'rare and justified only when counsel proves that he or she provided extraordinary services.'" *Napier*, 2017 WL 5759803, at *3 (quoting *Schwall v. Meadow Wood Apts.*, No. CIV.S-07-0014 LKK, 2008 WL 552432, at *1-2 (E.D. Cal. Feb. 27, 2008)) (emphasis added) (finding a 25% attorneys' fees amount is reasonable and does not suggest the settlement was unfair considering the duration of the case, the amount of work performed by the plaintiff's counsel, and the fee request's adherence to the 25 percent limit historically applied).

### B.     Discussion

Based on its review of the Plaintiffs' submissions, the Court finds that the proposed settlement is fair and reasonable and serves the best interests of the minors. The settlement provides certain recovery, as opposed to the uncertainty and delays associated with a possible unfavorable result in a case where liability is contested. The Court finds the settlement particularly fair and reasonable given the substantial difficulties and uncertainties inherent in litigating these claims, as well as the considerable efforts that went into settlement negotiations. For example, Defendant had strong factual arguments that it did not cause the decedent's death, including because the decedent, as Plaintiffs allege, took his own life. Settling with the Defendant now and receiving the payment offered by Defendant provides the minor children with funds to compensate them for their loss.

The Court also finds the proposed attorneys' fees and costs amount to be fair and reasonable. For example, this case was initiated in August 2021, and Plaintiffs' counsel engaged in extensive non-formal discovery pursuing their claims. *See* Dkt. 38 at 4-5. Plaintiffs' counsel requests a fee award of 25% of the gross settlement, the historical amount applied in cases involving minors, despite the fee agreement calling for a contingency fee of 40%. *Id.* at 7.

The Court therefore **GRANTS** approval of the minor's compromise submitted by the Parties and the distribution of the settlement amount owed to the minor Plaintiffs as outlined in the Plaintiffs' Petition. The Court also finds the request for approval of attorneys' fees and costs to be fair and reasonable in light of the facts of this case, and approves the distribution of attorneys' fees as set forth in the Petition.

## II.     MOTION TO SEAL

### A.     Legal Standard

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n,* 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana,* 447 F.3d at 1178 (quotation omitted).

To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id*. at 1178–79 (quotation omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id*. at 1179 (quoting *Nixon v. Warner Commc'ns, Inc*., 435 U.S. 589, 598 (1978)). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id*.

The Court must "balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its

ruling, without relying on hypothesis or conjecture." *Id*. Civil Local Rule 79-5 supplements the compelling reasons standard set forth in *Kamakana*: the party seeking to file a document or portions of it under seal must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law . . . The request must be narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b).

**B.  Discussion**

Because approval of the compromise of the action will terminate this suit, the Court will apply the "compelling reasons" standard to the Parties' administrative motion to file under seal. *See Doe v. Mt. Diablo Unified Sch. Dist.*, No. 14-CV-02167-HSG, 2015 WL 5438951, at *2 (N.D. Cal. Sept. 14, 2015); *see also Keirsey v. eBay, Inc.*, No. 12-cv-1200, 2013 WL 5609318, at *2 (N.D. Cal. Oct. 11, 2013) ("[A] motion seeking the Court's preliminary approval of the settlement of the case may be effectively dispositive. While the Court has not identified any authority discussing the appropriate standard for a motion of this type, the Court concludes that the 'compelling reasons' standard is the appropriate standard.").

The Parties have entered into a confidential settlement agreement and seek to seal limited information related to the minor Plaintiffs. *See* Dkt. No. 39 at 3. As the Plaintiffs note, "If sealing is denied, . . . the minor children would be subject to the public knowing how much money they received, which could lead to (1) intrusion on their private financial status generally; (2) scrutiny as to how much money they received; and (3) public knowledge of how much money minor children are receiving as individuals." *Id.* at 2.

The Court agrees and finds that the information in the motion to seal and supporting documents meets the compelling reasons standard and should thus be shielded from public disclosure. Plaintiffs have made a narrowly tailored request and articulated a compelling reason to seal each category of information identified. The redactions are modest, such that any interested observer would still be able to understand these proceedings. The motion to seal identifies "a compelling reason to seal [with] tailored redactions of only the information to which that compelling reason applies." *Doe*, 2015 WL 5438951, at *2.

Accordingly, Plaintiffs' motion to seal is **GRANTED**.

### III.    CONCLUSION

For the reasons described above, the Court **GRANTS** the motion for approval of the minor's compromise of the action and **GRANTS** the administrative motion to file under seal. Dkt. Nos. 38 and 39. Pursuant to Civil Local Rule 79-5(g)(1), documents filed under seal as to which the administrative motion is granted will remain under seal.

**IT IS SO ORDERED.**

Dated: August 24, 2023

_____
HAYWOOD S. GILLIAM, JR.
U.S. DISTRICT COURT JUDGE